Filed 9/12/25  P. v. Boshant CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALESSANDRO BOSHANT,<br><br>    Defendant and Appellant. | B338075<br><br>(Los Angeles County<br>Super. Ct. No. PA099005) |

APPEAL from an order of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Alessandro Boshant appeals from an order denying his motion to withdraw from his plea of no contest to two counts of receiving stolen property.  We appointed counsel to represent

Boshant on appeal. After reviewing the record, counsel for Boshant filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that did not identify any arguable issues. After independently reviewing the record, we have not identified any either. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Theft Offenses*

On August 31, 2022 Los Angeles County Deputy Sheriff Ruben Victor Almanza stopped a car driven by Boshant, with no other passengers.[1] Deputy Almanza searched the vehicle and found multiple computer laptops, cell phones, chargers, and other electronics. Deputy Almanza observed that one of the computer laptops "had a severed security cable" attached to it and a label on the back of the computer that stated it was a "shelf display." Deputy Almanza stated his opinion that the laptop was "a display item that was secured and stolen from a display." Deputy Almanza was subsequently contacted by a store manager, who confirmed the items had been stolen from an electronics store in Saugus. At the preliminary hearing, defense counsel stipulated for purposes of the hearing that the items in the vehicle had a value exceeding $950.

On March 16, 2023 the general manager of a large electronics store in Porter Ranch heard a store alarm go off and saw Boshant walking toward the front door of the store with a severed computer security cord dangling out of the front of his

---

[1]    The factual background is taken from testimony at the preliminary hearing.

sport coat.  The manager could see the outline of a laptop computer under Boshant's coat.  The manager told Boshant to put the computer down, but Boshant refused.  Boshant walked out of the store without making any attempt to pay for the computer.  The manager stated the value of the laptop was $2,500.  The manager reviewed the security footage from inside the store and observed Boshant walk up to the display table, cut the security wire going from the table to the laptop, put the laptop under his coat, and walk away quickly.

On March 21, 2023 Los Angeles Police Officer Joshua Walters stopped Boshant's vehicle.  Boshant was the driver, and there were no passengers.  Officer Walters searched the car and found multiple laptop computers and other electronic accessories.  The officer turned on some of the laptops, and the home screens showed that the laptops were display models.  One of the laptops opened up to a screen that showed it was from the company that operated the Porter Ranch electronics store.

B.    *The Criminal Proceedings and Negotiated Plea*

On October 31, 2023 the People filed three informations against Boshant.  The cases were subsequently consolidated, and on December 13, 2023 the People filed a first amended information charging Boshant with two counts of receiving stolen property exceeding $950 (Pen. Code, § 496, subd. (a); counts 1 & 3) and two counts of grand theft (*id.*, § 487, subd. (a); counts 2 & 4.)  Counts 1 and 3 were based on the August 31, 2022 and March 21, 2023 incidents, respectively.  Counts 2 and 4 were

based on the March 16, 2023 theft and a December 21, 2021 theft, respectively.[2]

On March 19, 2024, pursuant to a negotiated disposition, Boshant pleaded no contest to counts 1 and 3 for receiving stolen property exceeding $950. Boshant signed a felony advisement of rights, waiver, and plea form that advised him of the terms of the negotiated disposition, maximum sentence, waiver of his constitutional rights, and consequences of his plea. The form stated that under the negotiated disposition, the trial court would sentence him to two years eight months in state prison. The box to the right of the stated sentence for the defendant's initials was crossed out with handwritten language stating "at 1/2 time 1 year 4 months," and Boshant's initials appear to the right of the box. The court also orally advised Boshant of the proposed disposition, explaining he would be sentenced to a term of two years eight months, which would be served in county jail. The court explained that Boshant would receive "50 percent custody credits" with 337 actual days and 336 days of custody credits. The court explained that Boshant would therefore have 673 days of credit against his sentence of two years eight months but

---

[2] Boshant filed motions under *People v. Marsden* (1970) 2 Cal.3d 118 to replace his appointed counsel on November 1, 2023, November 30, 2024, and February 20, 2024. The trial court held an in camera hearing on each motion and denied the motions. Following denial of Boshant's *Marsden* motion on February 20, 2024, the court granted Boshant's motion to represent himself under *Faretta v. California* (1975) 422 U.S. 806. However, on March 5, 2024 the court terminated Boshant's pro. per. status and appointed counsel.

added, "I can't represent it's time served exactly. It's up to the sheriffs at the end of the day, but those are your credits that you have." The court inquired of Boshant whether that was his understanding of his credits and whether "that [is] what you wish to do?" Boshant conferred with his attorney and responded, "Yes, your honor."

The trial court then inquired further as to whether Boshant was freely and voluntarily entering into the plea and understood the consequences of the plea. At the conclusion of the court's inquiry, the court asked Boshant several times whether he had any other questions, and Boshant responded that he did not. Boshant's attorney concurred in the plea, joined in the waivers, and stipulated to a factual basis for the plea. The court accepted the plea and found Boshant freely and voluntarily entered into the plea and knowingly and intelligently waived his statutory and constitutional rights.

The trial court found Boshant guilty on counts 1 and 3 and sentenced him to an aggregate sentence of two years eight months comprising the middle term of two years on count 1 and a consecutive term of eight months (one-third of the middle term of two years) on count 3. The court awarded Boshant 337 days of actual credit and 336 days of conduct credit, for a total of 673 days of credit.[3] The court dismissed the two counts of grand theft.

---

[3] The July 18, 2024 abstract of judgment (following further proceedings in the trial court) reflects an award of 382 days of actual credit and 382 days of conduct credit for a total of 764 days of credit.

C.    *Boshant's Motion To Withdraw His Plea*

On March 29, 2024 Boshant appeared in the trial court, represented by counsel, but Boshant personally addressed the court and requested the court allow him to withdraw his plea. Boshant argued his attorney told him the negotiated plea would be for "time served," and because he was still serving time, he wanted to withdraw his plea. The court and Boshant's attorney both stated they did not tell Boshant the sentence was for "time served," and the court noted the transcript of the proceeding confirmed this. The court further stated as to the plea hearing that, after explaining to Boshant the credits and allowing Boshant to confer with his attorney, the court asked Boshant whether he had any further questions, and Boshant stated he did not.

Boshant responded, "I completely disagree." He noted that his attorney had written "T/C" on the plea form for the amount of credits. The court stated, "That is accurate" but "I crossed it out." Boshant's attorney confirmed that she had written "T/C," but the court stated in the courtroom that it could not confirm the sentence would be for time served. Boshant argued in response that he believed his attorney's indication of time served on the plea form was a binding legal contract, which is why he agreed to the plea, but he was therefore "coerced to take a deal [he] would have refused in two seconds." Boshant's attorney denied that she had coerced Boshant to take the plea, noting "[i]f he wanted to go to trial, we would have gone to trial."

The trial court denied the motion, finding no good cause for Boshant to withdraw his plea. The court explained, "I took the plea. The defendant was fully coherent, responsive to my questions, inquisitive, asked multiple questions of the court and

6

counsel. Clearly, he knew exactly what was going on. He was told his credits. He was told the sentence. He was told there is no guarantee as to when he'll get out. That is up to the sheriffs at the end of the day."

On May 15, 2024 Boshant appealed from the March 29, 2024 order. Boshant did not obtain a certificate of probable cause to file the appeal.[4]

## DISCUSSION

We appointed counsel to represent Boshant in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Boshant on or about April 28, 2025 that he could personally submit any contentions or issues he wanted this court to consider. Appointed counsel also sent Boshant the record on appeal and a copy of the appellate brief. This court sent a letter to Boshant on April 28, 2025 advising him that "[w]ithin 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." We received no response from Boshant.

We have examined the record and are satisfied appellate counsel for Boshant has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

---

[4] On June 27, 2024 this court limited the appeal to "issues that do not require a Certificate of Probable Cause."

7

## DISPOSITION

The order is affirmed.


FEUER, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.